# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **BERNARD FRANCOIS** | * | **CIVIL ACTION NO. 05-2234** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION
## ON MOTION TO REMAND

Pending before the undersigned for report and recommendation is a Motion for Remand to Receive Additional Evidence filed by claimant, Bernard Francois ("Francois"), on June 22, 2006. (rec. doc. 12). Opposition was untimely filed by the Commissioner of Social Security on July 18, 2006, but has been considered.[1]

Francois seeks to remand this case to for consideration of medical records which were submitted to Administrative Law Judge Mark Dawson and the Appeals Council, but were not made part of the administrative transcript. He contends that these submissions were either lost or misplaced by the Social Security Administration. These records, which were attached to Francois' Motion for Leave to Supplement Administrative Record (rec. doc. 6), consist of the following:

---

[1] LR 7.5W provides that opposition shall be filed within fifteen (15) days after service of the motion.

(1) A cover letter from Francois' counsel, Edward J. Cloos, III, to ALJ Dawson dated September 20, 2001, with attached records from Dr. Bradley Bartholomew dated 1999 and Lakewood Hospital dated 1989 (Exhibit A), and

(2) A cover letter from Mr. Cloos to the Appeals Council dated April 23, 2002, with attached records from Teche Regional Medical Center and Lakewood Medical Center dated April 3, 2002 (Exhibit B).

Francois asserts that the records from Dr. Bartholomew demonstrate a protruding disc at the C5-6 level, which evidence is material to the ALJ's determination that claimant did not have a severe musculoskeletal impairment. (Tr. 15). He further contends that the records from Lakewood Hospital, which show treatment for seizures, are relevant to the ALJ's finding regarding claimant's epilepsy disorder.

Sentence six of § 405(g) provides as follows:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, *but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.*

(emphasis added).

When new evidence becomes available after the Commissioner's decision and there is a reasonable possibility that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered.

*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). In order to justify a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding. *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995).

Reviewing the materiality of the new evidence requires the court to make two separate inquiries: (1) whether the evidence relates to the time period for which the disability benefits were denied, and (2) whether there is a reasonable probability that this new evidence would change the outcome of the Secretary's decision. *Ripley*, 67 F.3d at 555.

In this case, claimant asserts that the initial evidentiary submission was sent to the ALJ eight days after the hearing, and more than two months before the decision was issued. He also states that he sent records to the Appeals Council in a second submission, which documented a seizure occurring after the decision was rendered but before the Appeals Council denied review.[2] (rec. doc. 6-3, pp. 17-29). A review of the record reflects that neither the ALJ or the Appeals Council referred to the

---

[2]The exhibits to the motion to supplement record indicate that on June 28, 2005, claimant's attorney telecopied a letter to the Appeals Council requesting a status report as to his request for review filed on January 14, 2002. (rec. doc. 6-3, p. 30). Claimant attached a copy of a certified mail receipt, indicating that the request for review had been received by the Office of Hearings & Appeals on January 17, 2002. Terry Jensen of the Office of Hearings and Appeals telecopied a letter to claimant's council on July 6, 2005, indicating that it had no record of the appeal. (rec. doc. 6-3, p. 36).

records from Dr. Bartholomew, Lakewood Hospital or Teche Regional Medical, nor do these reports appear in the transcript.

Remand is not required automatically when the transcript before the court is incomplete. Instead, the touchstone is whether the administrative record that does exist permits meaningful judicial review. *Brady v. Apfel*, 41 F.Supp.2d 659, 668 (E.D. Texas 1999) (remand not required where missing documents are immaterial to ALJ's decision) (citing *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594, 100 S.Ct. 1889, 64 L.Ed.2d 525 (1980) (court may remand if unable to exercise informed judicial review because of an inadequate administrative record); *Torres v. Shalala*, 48 F.3d 887 (5th Cir. 1995) (remand need not be ordered when evidence is missing but there is still ample evidence from which a determination can be made).

Here, the ALJ found that claimant's arthritic type pain was not severe based on the records at that time. (Tr. 15). A review of the available records reflects that there were no diagnostic tests, other than x-rays, regarding claimant's orthopedic complaints. (Tr. 79). The MRI sought to be submitted by Francois shows a herniated disc. (rec. doc. 6-3, pp. 10, 12). This record, which is dated about one month after the alleged onset date, is material to the determination regarding claimant's pain complaints.

As to claimant's seizure disorder, the ALJ found that it was not severe because claimant had had no treatment for seizures during the relevant time period. (Tr. 15). Accordingly to claimant, the records sought to be submitted dated 1989 and 2002 establish that he had an ongoing, longstanding seizure disorder. (rec. doc. 6-3, pp. 2-8, 18-29). However, these records are dated outside of the relevant time period. Thus, they are not material to this case.

Based on the foregoing reasons, I recommend that this case be **REMANDED** to the Administrative Law Judge for consideration of the missing evidence, consisting of the records from Dr. Bradley Bartholomew dated 1999. (rec. doc. 6-3, pp. 10-16).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE**

**TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed this 19th day of July, 2006, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE